**IN THE COURT OF APPEALS OF IOWA**

No. 24-0800
Filed March 5, 2025

**IN THE INTEREST OF N.B. and D.S.,**
**Minor Children,**

**A.B., Mother,**
    Petitioner-Appellee,

**S.S., Father,**
    Respondent-Appellant.
_____

Appeal from the Iowa District Court for Dallas County, Virginia Cobb, Judge.


A father appeals the termination of his parental rights to two children under

Iowa Code section 600A.8 (2022). **AFFIRMED.**


David V. Newkirk of Branstad & Olson Law Office, Des Moines, for appellant

father.

R.J. Hudson, II of R.J. Hudson Law Firm, P.C., West Des Moines, for

appellee mother.

Sarah Elizabeth Dewein of Cunningham & Kelso PLLC, Urbandale, attorney

and guardian ad litem for minor children.


Considered by Schumacher, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

A father appeals the termination of his parental rights to two children under Iowa Code section 600A.8 (2022). He challenges the finding that he abandoned his children as defined by section 600A.8(3)(b), arguing that the mother prevented him from contacting the children. Because clear and convincing evidence shows the father abandoned the children, we affirm.

### I. Background Facts and Proceedings.

The mother and the father have two children together: N.S., born in 2012, and D.S., born in 2015. The father had regular contact with the children until he assaulted and threatened to kill the mother in 2016, resulting in his convictions for domestic abuse assault, first-degree harassment, and third-degree harassment. The sentencing court placed the father on probation and entered a no-contact order. But at the time of the termination hearing, the father was incarcerated.

The father last visited the children in 2017. On about six occasions since then, third parties sought to set up visitation on the father's behalf. The father paid small amounts of child support sporadically. So in August 2022, the mother petitioned to terminate the father's parental rights under Iowa Code section 600A.8(3)(b). After a hearing in December 2023, the district court granted the petition and terminated the father's parental rights.

### II. Scope of Review.

We review private termination proceedings under Iowa Code chapter 600A de novo. *In re B.H.A.*, 938 N.W.2d 227, 232 (Iowa 2020). "Although we are not bound by them, we give weight to the trial court's findings of fact, especially when considering credibility of witnesses." *Id.* (citation omitted).

**III. Discussion.**

The father challenges the finding that he abandoned the children.[1]  A parent of a child six months of age or older "is deemed to have abandoned the child unless the parent maintains substantial and continuous or repeated contact with the child." Iowa Code § 600A.8(3)(b).   To show "substantial and continuous or repeated contact," a parent must contribute a reasonable amount of support for the child "according to the parent's means."  *Id.*  The statute also requires that a parent must also do any of the following:

> (1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.
> (2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.
> (3) Openly living with the child for a period of six months within the one-year period immediately preceding the termination of parental rights hearing and during that period openly holding himself or herself out to be the parent of the child.

*Id.*  Without evidence of these acts, a parent's subjective intent will not preclude the court from finding the parent has abandoned the child.  *Id.* § 600A.8(3)(c).

The father concedes that he is behind on his child support obligation and has had limited contact with the children since 2016.  His sporadic payment of child support and infrequent attempts to communicate with the children do not amount

---

[1] In the conclusion section of his brief, the father makes a passing reference to the termination of his parental rights not being in the best interests of the children. However, his failure to make any argument concerning the best interest of the children waives this challenge.  *See* Iowa R. App. P. 6.903 (requiring appellant's brief to contain argument section presenting contentions and the reasons for them with citations to authority relied on and stating "[f]ailure to cite authority in support of an issue may be deemed waiver of that issue").  We conclude the father has waived any best-interests argument and do not address such in this opinion.

to substantial and continuous contact under section 600A.8(3)(b). But the father focuses on the statutory language limiting a finding of abandonment to a parent being "physically and financially" able to visit or communicate when not prevented by the child's custodian. *See id.* § 600A.8(3)(b)(1), (2). He blames his lack of contact with the children on external factors, citing his incarceration, the no-contact order, and the mother's refusal to allow visitation.

We are not persuaded by the father's attempt at deflecting accountability for his lack of involvement with the children. First, while incarceration alone does not justify termination of parental rights, a parent cannot use incarceration to justify a lack of relationship with a child. *In re M.M.S.*, 502 N.W.2d 4, 8 (Iowa 1993). "This is especially true when the incarceration results from a lifestyle that is chosen in preference to, and at the expense of, a relationship with a child." *Id.* Because of his choices, the father is in prison and has spent roughly half of the past nine years incarcerated.

Second, the no-contact order does not justify lack of contact with the children. *See In re G.W.*, No. 21-2004, 2022 WL 1658696, at *2 (Iowa Ct. App. May 25, 2022) ("A no-contact order does not preclude a finding of abandonment."). The order does not prohibit contact between the father and the children. To the extent that it impeded his ability to communicate with the children, the father had legal means of redress but waited until after the mother petitioned to terminate his rights before taking action.[2] *See In re W.W.*, 826 N.W.2d 706, 711 (Iowa Ct. App.

---

[2] The no-contact order was amended shortly after it was entered to allow the father's probation officer to communicate with the mother to arrange visitation on the father's behalf. But the father waited until July 2023, almost one year after the

2012) (upholding private termination when a parent "took no legally-sanctioned steps to mitigate the harsh effects of" a no-contact order). Likewise, the mother testified that she would have complied with a court order for visitation, but none exists. He only tried to establish his rights in January 2023, after the mother petitioned to terminate, and that attempt ended when he unsuccessfully applied to waive the filing fee.

Finally, the record shows third parties contacted the mother to arrange visits between the father and the children no more than six times since 2017. Although the mother was not receptive to the visits, she did not unequivocally refuse. The mother expressed concern that the father would not return the children to her based on his past threats. She was also concerned about the father's drug use, manipulation of the children, and the violence he perpetrated against her. Still, the mother testified that she "was willing to work with them if they had a good plan" to protect the children. *See In re G.A.*, 826 N.W.2d 125, 129 (Iowa Ct. App. 2012) (stating that reasonable restrictions do not prevent visitation); *In re K.M.*, No. 14-1374, 2015 WL 1849508, at *5 (Iowa Ct. App. Apr. 5, 2015) (finding that a mother did not prevent contact by failing to respond to visitation requests when she had reasonable concerns about the father's ability to care for the child safely based on his "extremely violent past and significant criminal history"). Considering the few attempts to arrange visitation, the mother's legitimate concerns based on the father's actions, and the father's failure to establish and enforce his rights by

---

mother petitioned to terminate his parental rights, before again moving to amend the order.

the legal means available, we reject the contention that the mother prevented the father from contacting the children.

Clear and convincing evidence shows the father abandoned the children under Iowa Code section 600A.8(3)(b).  We therefore affirm.

**AFFIRMED.**